IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DeANTHONY JAMES, #91488, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-00480-JPG |
| | ) |
| RACHEL BRAUN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff DeAnthony James, a detainee at Madison County Jail, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that he was denied dental care for a rotten tooth by Nurse Braun at Madison County Jail. (Doc. 1, pp. 1-10). He seeks money damages. (*Id*. at 6).

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-10): In early April 2020, Plaintiff submitted several sick call slips seeking dental care for a rotten tooth. (*Id*. at 4-5, 7-10). He complained about months of continuous dental pain and difficulty eating. (*Id*.). His sick call requests were ignored for several weeks. (*Id*.).

1

On May 6, 2020, Nurse Braun provided Plaintiff with a written response to his sick call requests. (*Id*. at 7). She denied his request for a dental appointment because the Jail does not provide them for inmates. (*Id*.). She explained that Plaintiff might have avoided the dental problem altogether, if he completed a course of antibiotics that he was prescribed for an earlier issue. (*Id*.). Nurse Braun also examined Plaintiff's tooth the following day. (*Id*. at 9). After noting an old filling, no signs of gum infection, and no relief from Tylenol, the nurse provided Plaintiff with antibiotic mouthwash. (*Id*.). Plaintiff later complained that the treatment was not working. (*Id*. at 10). When he was again told that the Jail provides no dental services, he filed this lawsuit. (*Id*. at 4-5).

Based on the allegations summarized herein, the Court designates a single claim in the *pro se* Complaint:

> **Count 1:** Fourteenth Amendment claim against Defendant for denying Plaintiff adequate dental care at the Jail beginning in April 2020.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

A pretrial detainee's Fourteenth Amendment due process claim challenging the denial of medical care involves two inquiries. The first "focuses on the intentionality of the individual defendant's conduct" and "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case." *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). The second asks "whether the challenged conduct was objectively reasonable." *Id*. This, in turn, requires consideration of "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care and to

gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id*.

The allegations support a Fourteenth Amendment due process claim against Nurse Braun, who delayed and/or denied Plaintiff's request for treatment of a rotten tooth in April and May 2020 and caused him to suffer unnecessary pain. The facts suggest that the nurse acted purposefully, knowingly, and even unreasonably when she disregarded Plaintiff's complaints regarding ineffective dental care. The allegations thus satisfy the objective unreasonableness standard applicable to Fourteenth Amendment medical claims brought by pretrial detainees.[1] Plaintiff shall be allowed to proceed with Count 1 against Nurse Braun.

### Disposition

**IT IS ORDERED** that **COUNT 1** survives screening against Defendant **BRAUN**. **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

Because Count 1 arises from the alleged denial of dental care, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **RACHEL BRAUN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the

---

[1] The allegations also satisfy the deliberate indifference standard applicable to Eighth Amendment claims of convicted persons. *McDonald v. Hardy*, 821 F.3d 882, 889 (7th Cir. 2016).

Clerk shall take appropriate steps to effect formal service on Defendant; the Court will require Defendant to pay costs of formal service, as authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/30/2020**                              s/J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.