**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DeANTHONY JAMES,** | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 3:20-cv-00480-JPG |
| | ) |
| **RACHEL BRAUN,** | ) |
| | ) |
| *Defendant*. | ) |

**DEFENDANT BRAUN'S MOTION AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS FOR WANT OF PROSECUTION**

COMES NOW Defendant, Rachelle Braun (incorrectly referred to as "Rachel Braun"), by and through her undersigned attorney, and pursuant to Local Rule 7.1(c), submits her combined Motion and Memorandum of Law in Support of her Motion to Dismiss for Want of Prosecution pursuant to Federal Rules of Civil Procedure Rule 41(b). In support of Defendant's Motion, Defendant Braun states as follows:

**I.     INTRODUCTION**

On May 26, 2020, Plaintiff filed a *Pro Se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights (Doc. 1).

In response to Plaintiff's Complaint, District Judge Gilbert reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and issued a Memorandum and Order (Doc. 7). In his Order, Judge Gilbert divided Plaintiff's *Pro Se* action into the following Count:

- Count 1: Fourteenth Amendment claim against Braun for allegedly denying Plaintiff adequate dental care beginning in April of 2020.

On November 17, 2020, Judge Gilbert entered a Scheduling and Discovery Order which set forth the specifics of the discovery process, as well as discovery deadlines (Doc. 20). Pursuant to this Order, Defendant Braun propounded discovery on Plaintiff on January 29, 2021. *Exhibit*

*A*, Copy of Discovery Requests and Certificate of Service.  Plaintiff failed to respond to the discovery requests.  On March 12, 2021, undersigned counsel forwarded correspondence to Plaintiff regarding the past due discovery in an effort to obtain responses without Court action.  *Exhibit B*, Copy of March 12, 2021 Correspondence.  However, Plaintiff, once again, failed to respond to the discovery requests.  On March 31, 2021, Defendant filed a Motion to Compel (Doc. 21), which was granted by the Court.  In particular, Plaintiff was ordered to provide responses to Defendant's discovery requests on or before April 12, 2021 (Doc. 22).  To-date, Plaintiff has not responded to the discovery requests.

## II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE AS PLAINTIFF HAS FAILED TO PROSECUTE THIS CLAIM WITH DUE DILIGENCE

Federal Rules of Civil Procedure Rule 41(b), which pertains to Involuntary Dismissal, provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  FED. R. CIV. P. 41(b).  Moreover, a Court has the inherent power to dismiss a lawsuit for want of prosecution based upon the failure of a plaintiff to prosecute his case with due diligence.  *See Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (district court inherently possesses the authority to dismiss a case *sua sponte* for want of prosecution.  Such a dismissal is one of the tools available to district courts to "achieve the orderly and expeditious disposition of cases."); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006) (district courts have the inherent power to remedy dilatory conduct by dismissing a case for want of prosecution without a motion from the opposing party); *Fischer v. Cingular Wireless, LLC,* 446 F.3d 663 (7th Cir. 2006) (district court did not abuse its discretion by dismissing lawsuit with prejudice for failure to prosecute without giving plaintiff explicit warning).

Here, Plaintiff was provided advance warning that his failure to comply with Court Orders could result in a dismissal of his lawsuit. Specifically, in his April 1, 2021 Order, Judge Gilbert indicated, "Plaintiff is ORDERED to provide Defendant Braun with responses to Defendant's discovery requests on or before April 12, 2021. Plaintiff is WARNED that failure to do so by this deadline may result in dismissal of this action for failure to comply with a court order and for failure to prosecute his claims." (Doc. 22). In response to this Order, Plaintiff failed to respond to Defendant's First Set of Interrogatories and First Set of Request for Production of Documents.

Plaintiff has failed to diligently prosecute this case and has failed to comply with the Court's Order. Plaintiff has had ample opportunity to prosecute this cause of action; however, he has taken no affirmative steps to prosecute his claim since filing his Complaint on May 26, 2020.

Based on the preceding, a dismissal with prejudice of Plaintiff's Complaint is warranted pursuant to Federal Rules of Civil Procedure Rule 41(b). As such, Defendant Braun respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

WHEREFORE, Defendant Braun respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted,

FORDHARRISON LLP

/s/ *Heidi L. Eckert*
Heidi L. Eckert, #6271612
7777 Bonhomme Avenue, Suite 1710
St. Louis, MO 63105
(314) 257-0303 - *Phone*
(314) 257-0321 - *Facsimile*
Heckert@fordharrison.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have on April 16, 2021, served a true and correct copy of the foregoing via regular U.S. mail upon the following:

DeAnthony James
709 Silver Street
Alton, IL 62002

                                         /s/ *Heidi L. Eckert*

/kds