IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DeANTHONY JAMES, #91488, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-00480-JPG |
| | ) |
| RACHEL BRAUN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for a decision on Defendant Rachel Braun's Motion to Dismiss for Lack of Prosecution (Doc. 23) filed April 16, 2021. Plaintiff DeAnthony James filed no response to the pending motion. At least a week has passed since the response deadline expired, and he has not requested an extension. For the reasons set forth herein, the motion shall be granted and this action dismissed.

**Background**

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 26, 2020. (Doc. 1). In the Complaint, Plaintiff alleged that Nurse Braun denied him dental care for a rotten tooth at Madison County Jail. (*Id*. at 1-10). On June 30, 2020, the Court screened the Complaint and allowed Plaintiff to proceed with a single Fourteenth Amendment claim against Nurse Braun for denying Plaintiff dental care beginning in April 2020. (Doc. 7). After Nurse Braun filed an answer, the Court entered an Initial Scheduling Order on September 1, 2020 and a Scheduling and Discovery Order on November 17, 2020. (Docs. 18 and 20).

Pursuant to the Scheduling and Discovery Order, Nurse Braun served Plaintiff with written discovery on January 29, 2021. (*See* Doc. 23, Ex. A). Plaintiff failed to respond to the

1

discovery requests.  (*Id*.).  On March 12, 2021, Nurse Braun sent Plaintiff a letter regarding the past due discovery responses and again requested them within seven days (by March 19, 2021). (*Id*., Ex. B).  When Plaintiff did not respond to this written request, Nurse Braun filed a Motion to Compel Discovery Responses with the Court on March 31, 2021.  (Doc. 21).  The Court granted the motion and ordered Plaintiff to file written discovery responses no later than April 12, 2021.  (*Id*.).  Plaintiff was explicitly warned that "failure to do so by this deadline may result in dismissal of this action for failure to comply with a court order and for failure to prosecute his claims."  (Doc. 22) (citing FED. R. CIV. P. 41(b)).  Plaintiff still did not respond. When he missed this court-imposed deadline, Nurse Braun filed the instant motion seeking dismissal of this action with prejudice based on Plaintiff's failure to prosecute his claims on April 16, 2021.  (Doc. 23).  Plaintiff also did not respond to the motion.

## Discussion

Under Rule 41(b) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the[ ] rules or a federal court order."  *See* FED. R. CIV. P. 41(b).  However, it is not always necessary for a defendant to file a motion.  A district court has inherent authority to dismiss an action *sua sponte* for want of prosecution.  *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663 (7th Cir. 2006).  Dismissal is just one of the tools available to a court "to achieve the orderly and expeditious disposition of cases."  *Williams*, 155 F.3d at 857 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Dismissal is a harsh sanction.  For that reason, it should only be used "in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less

drastic sanctions have proven unavailing." *Williams*, 155 F.3d at 857 (quoting *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir. 1998)). Here, there is a clear record of delays associated with Plaintiff's conduct. Since February 2021, he has repeatedly and consistently disregarded deadlines in this matter. He missed the deadline for submitting written discovery responses in February, the extended deadline for submitting written discovery responses in March, the deadline for complying with the Court's Order compelling discovery responses in April, and the deadline for filing a response to the pending motion to dismiss in May. Plaintiff has neither responded nor requested extensions of any of these deadlines.

At least a week has passed since the final deadline expired, and Plaintiff has not requested an extension. The Court will not allow this matter to linger indefinitely. Nurse Braun's Moton to Dismiss for Lack of Prosecution shall be granted, and this action shall be dismissed with prejudice. FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Prosecution (Doc. 23) is **GRANTED**. This action is **DISMISSED** with prejudice based on Plaintiff's failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list each of the issues he intends to appeal in the notice of appeal. A

proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: **5/27/2021**                                   s/J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **United States District Judge**